Case 2:16-cv-00457 Document 16 Filed in TXSD on 01/27/17 Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
January 27, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL FASELER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-457 |
| | § | |
| COASTAL BEND DETENTION | § | |
| CENTER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS ACTION

Michael Faseler is a federal prisoner appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. For purposes of screening, Plaintiff has not stated a claim against Defendant Coastal Bend Detention Center or Defendant Correct Care Solutions. Accordingly, the undersigned respectfully recommends Plaintiff's claims be **DISMISSED** for failure to state a claim as discussed below.

### I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned United States Magistrate Judge for pretrial management and furnishing the District Court with a memorandum and recommendation on all dispositive motions pursuant to 28 U.S.C. § 636(b) and Special Order C-2015-1.

## II.   BACKGROUND

Plaintiff is a prisoner in federal custody who was housed at the Coastal Bend Detention Center in Robstown, Texas. He is serving a term of seventy (70) months for a 2016 conviction for being a felon in possession of a firearm. *See United States v. Faseler*, Case No. 2:16-cr-604 (S.D. Tex. Nov. 29, 2016). Plaintiff was arrested on July 5, 2016 for the charges in his federal criminal case. On July 15, 2016, Plaintiff's request for bond was denied and Plaintiff was detained pending trial. Plaintiff pled guilty to one count of being a felon in possession of a firearm on October 17, 2016 before Senior United States District Judge John D. Rainey and was sentenced on November 29, 2016. Plaintiff was housed at the Coastal Bend Detention Center during the pendency of his case. Plaintiff was transferred to a federal facility sometime in December of 2016. This case involves Plaintiff's allegations he received inadequate medical care while detained at the Coastal Bend Detention Center, a privately owned facility, which houses federal prisoners pending trial and sentencing.

Plaintiff sent two letters to the Court, one dated October 22, 2016 and one dated October 23, 2016. (D.E. 1, Pages 2-4). In his letters, Plaintiff complains of a defective Inferior Vena Cava (IVC) filter which is implanted in the back of his skull. (D.E. 1, Page 3). These letters were construed as a complaint and form the basis of this action. Plaintiff failed to pay the filing fee or request to proceed *in forma pauperis* (IFP) and was instructed to satisfy this deficiency on or before November 21, 2016. (D.E. 2). Plaintiff failed to cure this deficiency. (D.E. 6, Page 1). On November 16, 2016, Plaintiff filed a second prisoner civil rights complaint, concerning the same facts and grounds for relief.

(Case No. 16-cv-492, D.E. 1). Accordingly, the two cases were consolidated with all future pleadings to be filed under Case No. 16-cv-457. (D.E. 6, Page 2).

On December 2, 2016, Plaintiff filed a Motion to Proceed *In Forma Pauperis* for each case which was granted by the undersigned. (D.E. 8; D.E. 9 and D.E. 10). A *Spears*[1] hearing was conducted on December 20, 2016. The following representations were made in Plaintiff's Complaint or at the hearing:

In approximately November of 2014, Plaintiff was involved in a motorcycle accident where he sustained severe injuries. According to Plaintiff, his injuries required surgery and since then he has been complaining of infections, abscesses, and other complications. Plaintiff saw a television commercial for a medical device recall stating IVC filters were defective and causing side-effects including death. Plaintiff stated the commercial caused him to remember a doctor had previously told Plaintiff he has an IVC filter in his head or neck area. Based on this information, Plaintiff requested medical personnel at the Coastal Bend Detention Facility to remove the device from his head because it poses a serious health risk.

Plaintiff further complains that on August 1, 2016, he suffered an open wound on his head which he attributes to the IVC device. Plaintiff alleges the wound was an abscess caused by an infection related to the defective IVC in his head. He states he had numerous abscesses on his head at that time that were leaking and caused his head to swell. Plaintiff further complains he was denied the use of a cane by officials despite his

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

need for one. Because Plaintiff's complaints about inadequate medical care were conclusory and lacked sufficient facts, the undersigned ordered Plaintiff to file an amended complaint on or before January 19, 2017. Plaintiff was ordered to clarify his allegations and allege with more specificity what was inadequate about the medical care at Coastal Bend Detention Center and the harm suffered as a result of those inadequacies. (D.E. 12). To date, Plaintiff has neither filed an amended complaint nor requested an extension of time from the Court.

### III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis*, the Court shall evaluate the complaint and dismiss it without service of process, if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *see* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F. 3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Id*. "Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id*. (citations omitted).

## IV. DISCUSSION

### A. Conclusory Nature of Claims and Failure to Amend

"[A] plaintiff in a 42 U.S.C. § 1983 action must plead specific facts, not 'conclusory allegations.'" *Taylor v. Cockrell*, 92 F. App'x 77, 78 (5th Cir. 2004) (citations omitted); *See Aschroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). According to Plaintiff, he was seen by medical staff regarding his complaints about the IVC filter in his head. Plaintiff testified that while in custody at Coastal Bend Detention Center he was taken for x-rays in an attempt to locate the device. Apparently no device was located. Therefore, Plaintiff's case is not one in which his request for medical attention was ignored.

Not only is the existence of the device in defendant questionable, whether the device is defective and whether it should be removed are speculative. Further, Plaintiff was temporarily detained at the Coastal Bend Detention Center. Even if Plaintiff were

able to establish that he has the device and that it should be removed, Plaintiff would have to establish that the device needed to be removed while he was detained at the Coastal Bend Detention Center. Plaintiff has not alleged sufficient facts to make the failure to provide this requested medical procedure a plausible violation of the Eighth Amendment. Plaintiff's unverified belief that he has a defective medical device which he believes should be removed because of a television commercial is wholly conclusory and speculative.

Finally, Plaintiff was ordered to amend his complaint and explain how his medical care was deficient. Plaintiff has failed to file an amended complaint as ordered. Therefore, Plaintiff has been provided an opportunity to correct his deficient pleadings, has failed to do so and his claims regarding inadequate medical care remain conclusory and speculative to the extent dismissal is appropriate. In addition to Plaintiff's complaint being defective for failure to allege sufficient facts, his claims are also fatally defective for the additional reasons set forth below.

### B. *Bivens* Claims

A *Bivens*[2] suit provides "a remedy against federal officers, acting under color of federal law, that [is] analogous to [a] section 1983 action against state officials." *Quinn v. Stokes*, 213 F.3d 636, 2000 WL 554191, at *1 (5th Cir. 2000) (per curiam) (quoting *Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980)). In order to state a *Bivens* claim, Plaintiff must allege that an individual acting under federal law deprived him of a right

---

[2] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 398 (1971).

secured by the United States Constitution. *Bivens*, 403 U.S. at 395-97. In an earlier unreported case, the Fifth Circuit appeared to hold that *Bivens*, not § 1983, applies to lawsuits brought by a federal prisoner against a non-federal correctional facility under contract to temporarily house federal prisoners. *See Sandovall v. Wackenhut Corr. Corp.*, 21 F.3d 1109, 1994 WL 171703, at *2 n.3 (5th Cir. 1994) (per curiam). However, the Supreme Court has since ruled that a private entity, even under contract to the federal government to provide housing for federal prisoners, is not subject to a *Bivens* action. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). Further, the Supreme Court has declined to extend the *Bivens* right of action to suits against private entities generally acting under color of federal law. *Id.* at 63 (federal inmate may not seek relief under *Bivens* against a private corporation operating a halfway house under contract with the BOP); *see also Minneci v. Pollard*, 132 S.Ct. 617, 626 (2012) (finding *Bivens* action not available against individual employees of private prison when inmate could seek remedy under state tort law).

    Coastal Bend Detention Center is a privately owned facility. Correct Care Solutions is a healthcare service provider subcontracted to provide medical services at Coastal Bend Detention Center. Accordingly, Plaintiff cannot maintain a *Bivens* action against either Defendant Coastal Bend Detention Center or Defendant Correct Care Solutions. To the extent Plaintiff is stating a *Bivens* claim, it is respectfully recommended Plaintiff's claims be dismissed as not stating a claim upon which relief may be granted.

### C. Section 1983 Claims

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002). Federal officials acting under color of federal law are not subject to suit under § 1983, nor does the statute reach purely private conduct. *District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973). When the defendants are private actors, the challenged "conduct allegedly causing the deprivation of a federal right" must be "fairly attributable to the State" for § 1983 to apply. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Doe v. United States*, 831 F.3d 309, 314 (5th Cir. 2016) (affirming grant of summary judgment for independent corrections company finding it was performing a federal function when the county had no involvement in the day-to-day operations of the facility).

The defendants in this case are private actors. To raise a cognizable 1983 cause of action, the conduct allegedly causing the deprivation must be fairly attributable to the state. *See Lugar*, 457 U.S. 922, 937 (1982); *Doe*, 831 F.3d 309, 314 (5th Cir. 2016). Here, as in *Doe*, there is no allegation the state had regular involvement in the day-to-day operations of the facility. Therefore, the defendants cannot be said to have acted under

the color of state law. Accordingly, the undersigned respectfully recommends Plaintiff's claims under § 1983 be dismissed for failure to state a claim.

### D.    State Law Claims

It is further respectfully recommended any possible state law claims Plaintiff may be asserting be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3) (supplemental jurisdiction may be declined if "the district court has dismissed all claims over which it has original jurisdiction"). To the extent Plaintiff has a viable cause of action for negligence, medical malpractice or other claims relating to inadequate medical care, those claims against the private defendants should be brought in state court.

### V.    CONCLUSION

As stated above, Plaintiff failed to file an amended complaint as ordered and his claims as to inadequate medical care are conclusory and speculative and should be dismissed for failing to state a claim. Additionally, Plaintiff has failed to state a claim upon which relief can be granted for any claims raised under *Bivens* and § 1983 because those claims are not available against the non-governmental defendants in this case. Accordingly, it is respectfully recommended Plaintiff's *Bivens* and § 1983 claims be **DISMISSED** for failure to state a claim pursuant to § 1915A. Further, it is respectfully recommended any possible state law claims Plaintiff may be asserting be **DISMISSED without prejudice**.

Respectfully submitted this 27th day of January, 2017.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).